Henry E. Watjen
vs.
Omer J. Paquin, et als. } Eq. No. 9804.

February 1, 1930.

BAKER, J. Final hearing.

This bill is brought to reform a certain mortgage dated October 20, 1927, and given to the complainant by the respondent Omer J. Paquin, covering property situated in the town of Lincoln. Several of the respondents are not seriously contesting the bill. The respondent Henry C. McDuff Estate is the chief objector and the respondent Alida Salois is making some defence.

It appears that on the above date the said respondent Paquin, who was a contractor and real estate developer,

owned a large tract of land in the town of Lincoln subdivided into numerous lots. Two of these lots were numbered 46 and 47. The former was and is vacant and unimproved. Upon the latter was situated a small one family house of the bungalow type. On said date respondent Paquin and his wife executed to the complainant, to secure a promissory note for $2,500, a first mortgage on lot No. 46, and on the same day executed a second mortgage upon said lot to the respondent Barron to secure a note for $1,400. Thereafter, on October 6, 1928, said respondent Paquin and his wife executed and delivered to the respondent Salois, to secure a promissory note for $1,700, a mortgage covering several lots, among which was lot No. 47. Later, on December 6, 1928, said respondent Paquin and his wife executed and delivered to the Henry C. McDuff Estate, to secure a promissory note for $3,600, a mortgage covering a large number of lots including both Nos. 46 and 47.

The complainant's claim is that it was the intention of all parties concerned that his mortgage executed on October 20, 1927, for the sum of $2,500, should cover lot No. 47 upon which was located the house, rather than lot No. 46 which was vacant and unimproved.

A careful consideration of the evidence presented leads the Court to the conclusion that the complainant's contention is correct. It is very clear that it was the purpose of the parties to have the complainant's mortgage cover the lot upon which was situated the house and that it was through a mutual mistake on the part of the complainant and the respondent Paquin that this was not done. Both of these witnesses so testified and the surrounding facts and circumstances bear out their claims.

The respondent Salois paid actual consideration at the time the mortgage to her was executed by the respondent Paquin. It is quite evident, however, from her testimony and from the testimony of the other parties involved that she did not know her mortgage covered lot No. 47 and, in fact, did not believe or expect that it would. The testimony revealed a previous practice or course of dealing between the respondents Paquin and Salois by which the latter released her mortgage on certain lots when houses were built or partially built thereon and took new mortgages on other vacant and unimproved lots. This was the intention of all the parties when the mortgage of October 6, 1928, was executed. It would appear that the respondent Salois to all intents and purposes participated in the mistake and is not now in a position where she can claim any equity in regard to lot No. 47.

The respondent Henry C. McDuff Estate, at the time it obtained its mortgage for $3,600 on December 6, 1928, paid no consideration to the respondent Paquin. This mortgage was given to secure an earlier account for materials furnished and money advanced to the respondent Paquin. It is clear from the testimony of Mr. McDuff that the Henry C. McDuff Estate did not know or realize at the time that it was obtaining a mortgage on lot No. 47 upon which was situated the house. This fact was not discovered until about the middle of the year 1929.

The complainant argues that the Henry C. McDuff Estate is not in the position of a bona fide purchaser.

*Carroll* vs. *Ryder*, 34 R. I. 383.

In that case the party objecting to the reformation of the deed was an attaching creditor, but the Court is of the opinion that the same line of reasoning would apply to the respondent Henry C. McDuff Estate and that the above case is analogous on principle to the case at bar.

The Court finds, therefore, that the respondent Henry C. McDuff Estate is not in the position of a bona fide pur-

chaser and cannot claim an equity in lot No. 47 superior to the right of the complainant for reformation.

Further, it can be argued with plausibility that the McDuff Estate had notice of the complainant's mortgage. It appears from the evidence that Mr. McDuff brought the respondent Paquin and complainant together so that the former could borrow money. In addition, it appears that the McDuff Estate was paid by check of the complainant something over $1,500 for materials furnished for the dwelling situated on lot No. 47. While it is true that the McDuff Estate on its books carried its various jobs by number rather than by street or plat designation, the Court is of the opinion that it had some notice of the complainant's equity in lot No. 47.

Finally, the McDuff Estate urges that the complainant has been guilty of such negligence in this matter as to bar him from relief. In this connection it appears that the bill was brought soon after the situation was called to the complainant's attention. When his mortgage was drawn he left it to the respondent Paquin and to an attorney to complete the details and the fact that he did not examine with care the mortgage deed delivered to him at that time does not, in the opinion of the Court, prevent him from bringing this bill. It seems well settled that the neglect must amount to a violation of a positive legal duty and that the highest possible care is not demanded of an individual in such circumstances. This question has been clearly and fully discussed in the case of *Perkins* vs. *Kirby*, 39 R. I. 343.

The Court is of the opinion that in this case justice requires that reformation be decreed. The prayers of the bill relating to the reformation of the mortgage in question and for relief by way of injunction against certain respondents are granted.

For complainant: Harold P. Watjen.

For respondents: James E. Brennan, Woolley & Blais, Charles F. Risk.